UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TERRELL STATON,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    No. 3:22-cv-855 (VLB) |
| WILLIAM GONZALEZ, et al.,<br>    Defendants. | :<br>:<br>:<br>: |

## ORDER

Plaintiff, Terrell Staton, currently confined at Osborn Correctional Institution in Somers, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983. In the original complaint, Plaintiff named fourteen defendants and asserted federal claims under the First, Fourth, Sixth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution as well as state tort and constitutional claims.  By Initial Review Order filed March 1, 2023, the court dismissed all federal and state law claims except the Eighth Amendment claim for use of excessive force against defendants Doyle and Juxon-Smith and the associated state law claim for assault and battery.  Doc. #12 at 26.  The court afforded Plaintiff an opportunity to file an amended complaint to reassert his claims against the response team but cautioned him that any amended complaint must identify the team members and allege fact supporting a claim against each one.  *Id.* at 11.

Plaintiff now has filed an amended complaint.  He does not list all defendants in the case caption.  In the body of the amended complaint, he

indicates that he is asserting claims against Captain Ibes, Lieutenant Davis, C/O Bobadilla, C/O Andrades, C/O Anderson, C.C.T. Mobley, C/O Joseph, Response Team Members, Lt. Hule, C/O Juxton-Smith, Lieutenant Joshua Doyle, Warden Caron, Commissioner Angel Quiros, and Nick Rodriguez.  He seeks damages and waiver of attachment for costs of incarceration from the defendants in their individual and official capacities.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id.*  This requirement applies both when plaintiff pays the filing fee and when he proceeds *in forma pauperis*.  *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).

In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and

interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## I. Allegations

Plaintiff includes fewer allegations in the amended complaint. As this circuit has long held that an amended complaint completely replaces the original complaint, the court recounts and considers only the allegations in the amended complaint. *See International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) (holding that amended complaint completely replaced original complaint), *cert. denied sub nom. Vesco & Co. v. International Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Cititrust Bancorp. Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (same).

On October 19, 2021, Plaintiff had an encounter with correctional staff when he was attempting "to rectify a vandalism." Doc. #17 at 1. Plaintiff discovered that, during COVID-19 cleaning in his dorm, his property bag had been opened and another inmate's shampoo had spilled onto Plaintiff's prayer rug. *Id.* at 4. Plaintiff alleges that an investigation conducted by the "Commissioner of Human Resources" discovered that Officer Andrades "negligently introduced another inmate[']s shampoo bottle into the plaintiff[']s property." *Id.* at 4.

Plaintiff asked Officer Bobadilla to call a lieutenant. *Id.* at 3. Officer

Bobadilla did not immediately do so. *Id.* About four minutes later, Officer Bobadilla asked Plaintiff what his problem was. *Id.* Plaintiff stated only that he required a lieutenant to rectify a property issue. *Id.* After Plaintiff made additional requests, Officer Bobadilla presses his alarm instead of calling a lieutenant. *Id.*

During the incident, Plaintiff was sprayed with a chemical agent and his left bicep was torn. *Id.* at 1. Officer Juxton-Smith caused the bicep to be torn and Lieutenant Doyle sprayed Plaintiff with the chemical agent. *Id.* at 8. When he was placed in restrictive housing, Plaintiff did not identify any bodily injuries to the medical staff or Captain Ibes. *Id.* at 1. Plaintiff alleges that he was unable to do so because he was focused on trying to flush the chemical agent from his eyes. *Id.*

During the incident, Officer Anderson "negligently engaged in touching and engaged in sexually inappropriate face smearing of the plaintiff[']s buttocks...." *Id.* at 5. Plaintiff alleged that he was not resisting and was compliant during the encounter. *Id.* Plaintiff attributes the violation of his property and use of force to the fact that, on October 6, 2021, he filed two habeas corpus actions challenging denial of parole. *Id.* Captain Ibes did not retain the prayer rug as evidence. *Id.* at 6.

On October 21, 2021, Lieutenant Hule denied Plaintiff medical attention for the bruise on his arm, stating that the bruise was "just a scratch." *Id.* at 1, 7.

On October 22, 2021, the eye doctor noted that Plaintiff had a scratch on the cornea of his right eye. *Id.* at 1. Plaintiff alleges that Lieutenant Doyle caused

the scratch because he had tried to spray the chemical agent into Plaintiff's eye while wearing gloves made from coarse fabric. *Id.*

Officer Joseph negligently investigated the incident. *Id*. at 8. In November 2021, C.C.T. Mobley failed to file Plaintiff's disciplinary appeal because he had used an old form and did not provide him the correct form. *Id.* at 6-7.

## II. Discussion

Despite the fact that the court granted Plaintiff leave to amend his complaint only as to the claim against the Response Team members, Plaintiff asserts many of the claims from the original complaint including federal claims for use of excessive force, deliberate indifference, and abuse of process/denial of due process.

### A.   Excessive Force

On initial review of the original complaint, the court determined that the case should proceed on the excessive force claims against defendants Juxon-Smith and Doyle. Plaintiff repeats these claims in the amended complaint but identifies Officer Juxon-Smith as Officer Juxton-Smith. As Officer Juxon-Smith has returned a signed waiver of service of summons form indication that this is the correct spelling of his name, Doc. #16, the court assumes that Plaintiff has misspelled the name in the amended complaint. The claim continues to proceed against Officer Juxon-Smith and Lieutenant Doyle.

### B.   Response Team

Plaintiff again names the response team as a defendant. In the Initial Review Order, the court stated that Plaintiff could file an amended complaint

asserting a claim against members of the response team but that he must identify the team members and allege facts to support a claim against each member he identifies. The court cautioned Plaintiff that all claims against the response team would be dismissed if he failed to comply with these instructions. *See* Doc. #17 at 11. Plaintiff has included a claim against Officer Anderson, presumably one member of the response team. The court considers that claim below. As Plaintiff has not identified any other members of the team, all claims generally directed to the response team are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

   C.   <u>Officer Anderson / Sexual Assault</u>

Plaintiff alleges that Officer Anderson sexually assaulted him during the use of force by putting his face against Plaintiff's clothed buttocks. The Second Circuit set forth the appropriate standard for reviewing such a claim in *Crawford v. Cuomo*, 796 F.3d 252 (2d Cir. 2015). "Although not 'every malevolent touch by a prison guard gives rise to a federal cause of action,' the Eighth Amendment is offended by conduct that is 'repugnant to the conscience of mankind.'" *Id.* at 256 (quoting *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). Actions "'incompatible with evolving standards of decency'" meet this standard. *Id.* (quoting *Hudson*, 503 U.S. at 10).

"A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment." *Id.* at 257. In analyzing a claim for sexual abuse, "the principal inquiry is whether the contact is incidental to legitimate official duties,

such as a justifiable pat frisk or strip search, or by contrast whether it is undertaken to arouse or gratify the officer or humiliate the inmate." *Id.* at 257-58 (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (explaining that Eighth Amendment analysis turns on whether force was used "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm")).

Plaintiff alleges that Officer Anderson "smeared" his face into Plaintiff's buttocks. Based on the facts alleged, the court can discern no legitimate purpose in this action. As it appears the alleged action was intended to humiliate Plaintiff, the claim against Officer Anderson will proceed for further development of the record.

D. <u>Officer Andrades</u>

Plaintiff alleges that an investigation showed that Officer Andrades was responsible for the shampoo on his prayer rug. In the Initial Review Order, the court informed Plaintiff that if he intended to assert a First Amendment free exercise of religion claim regarding the prayer rug, he "must allege that (1) the practice asserted is religious in the person's scheme of beliefs, and that the belief is sincerely held; (2) the challenged practice of the prison officials infringes upon the religious belief; and (3) the challenged practice of the prison officials does not further some legitimate penological objective." *Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 279 (N.D.N.Y. 2018) (citing *Farid v. Smith*, 850 F.2d 917, 926 (2d Cir. 1988)). The court dismissed this claim in the original complaint because Plaintiff alleged no facts establishing "sincerely held" religious beliefs or showing that his

beliefs were "substantially burdened." Despite the court's instruction, Plaintiff still has not alleged facts supporting a First Amendment claim. Accordingly, the First Amendment claim remains dismissed.

In addition, the court informed Plaintiff that any Fourteenth Amendment claim for denial of due process based on damage to or destruction of property is not cognizable in this action because the State of Connecticut provides an adequate post-deprivation remedy. *See* Doc. #12 at 18-19. That claim also remains dismissed.

In the amended complaint, Plaintiff repeatedly refers to the contamination of his prayer rug as a "hate crime." To the extent that he seeks criminal prosecution of Officer Andrades, his claim fails. An alleged victim of a crime has no right to have the alleged perpetrator investigated or criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Jones v. Howard*, No. 3:15-CV-997(VAB), 2015 WL 4755751, at *3 (D. Conn. Aug. 11, 2015) (dismissing claim seeking prosecution of defendant for religious hate crime). Any claim seeking prosecution for a religious hate crime is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

E.   <u>Officer Bobadilla</u>

Again, Plaintiff alleges that Officer Bobadilla did not immediately call a lieutenant when Plaintiff asked. On initial review, the court could discern no constitutional right violated by Officer Bobadilla and Plaintiff fails to identify one

in his amended complaint. The claim against Officer Bobadilla remains dismissed.

F.    Lieutenant Hule

Plaintiff alleges that Lieutenant Hule did not call for medical treatment when Plaintiff showed him bruises on his arm. As the court explained on initial review, to state a claim for deliberate indifference to serious medical needs, Plaintiff must present allege facts showing that his medical need was "sufficiently serious." *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). This inquiry "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Id.* A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that can cause death, degeneration, or extreme or chronic pain. *See Brock v. Wright*, 315 F.3d 158, 162-63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

Plaintiff also must allege facts showing that the defendant was deliberately indifferent to his serious medical needs. "The second requirement is subjective: the charged officials must be subjectively reckless in their denial of medical care." *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). The defendants must "appreciate the risk to which a prisoner was subjected," and have a "subjective awareness of the harmfulness associated with those conditions." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017); *see also Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) ("Deliberate indifference is a

mental state equivalent to subjective recklessness," and it "requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate ham will result." (quotation marks omitted)).  Thus, "mere negligence" is insufficient to state a claim for deliberate indifference.  *Walker v. Schult*, 717 F.3d  119, 125 (2d Cir. 2013).

Plaintiff alleges only that he showed Lieutenant Hule a bruise on his arm and Lieutenant Hule did not immediately call the medical unit or send Plaintiff there.  Although Plaintiff now alleges that he suffered a torn bicep, he alleges no facts suggesting that Lieutenant Hule was aware of anything other than bruising.  Thus, Plaintiff has not alleged facts suggesting that Lieutenant Hule was aware of and deliberately disregarded a substantial risk of serious harm.  The deliberate indifference claim against Lieutenant Hule is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

G. <u>Supervisory Officials Caron, Quiros, and Rodriguez</u>

Warden Caron, Commissioner Quiros, and District Administrator Rodriguez are supervisory officials.  Plaintiff alleges no facts against them.  He merely identifies his claims against defendants Caron, Quiros, and Rodriguez as negligent supervision.

As the court stated in the Initial Review Order, to state a claim for supervisory liability, Plaintiff must "plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).  Thus, Plaintiff must allege facts

showing that each supervisory defendant was personally aware of, and deliberately disregarded, facts showing a substantial risk to his health or safety. *See id.* After *Tangreti,* negligent supervision is no longer sufficient to state a claim for supervisory liability. *See Braxton v. Bruen,* No. 9:17-cv-1346(BKS/ML), 2021 WL 4950257, at *5 n.8 (N.D.N.Y. Oct. 25, 2021).

As Plaintiff fails to allege facts satisfying this requirement, the supervisory liability claims against defendants Quiros, Caron, and Rodriguez are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

H. <u>Captain Ibes</u>

Plaintiff alleges that Captain Ibes negligently asked him about the incident while he still was experiencing the effects of the chemical agent and did not preserve his prayer rug as evidence. The court can discern no constitutional right prohibiting Captain Ibes from asking Plaintiff what had happened immediately following the incident. "In some circumstances, a state actor's destruction of evidence can give rise to a claim for denial of a plaintiff's constitutional right of access to the courts." *McCloud v. Prack,* 55 F. Supp. 3d 478, 483 (W.D.N.Y. 2014) (citing to *Patterson v. Burge,* 328 F. Supp. 2d 878, 897 (N.D. Ill. 2004)). Plaintiff does not demonstrate that Captain Ibes knew or should have known that the prayer rug was evidence likely to be used in a future legal proceeding justying some duty to preserve the evidence, if there is such a duty. Further, an inmate raising a claim under the right of access to the courts must allege facts demonstrating an actual injury from the violation. *See Lewis v. Casey,* 518 U.S. 343, 351 (1996). Plaintiff does not allege that he was unable to

11

pursue his state post-deprivation remedies for damage to his prayer rug.  Thus, the failure to preserve the prayer rug has not denied Plaintiff access to the courts.

While Captain Ibes' actions may have been negligent, negligence does not support a cognizable section 1983 claim.  *See Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) ("[T]o state a cognizable section 1983 claim, the prisoner must allege actions or omissions sufficient to demonstrate deliberate indifference; mere negligence will not suffice.").  Plaintiff's claims against Captain Ibes are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

I. <u>Officer Joseph and Lieutenant Davis</u>

Plaintiff alleges that Officer Joseph failed to properly investigate the disciplinary charge and that Lieutenant Davis was negligent and biased in his role as disciplinary hearing officer.

The court dismissed any due process claims relating to the disciplinary hearing because Plaintiff's sanctions did not constitute an atypical and significant hardship as required to state a cognizable claim.  *See* Initial Review Order, Doc. #12 at 15-18.  Although Plaintiff has not provided copies of the disciplinary hearing report with the amended complaint, he alleges no facts that would cause the court to alter its determination.   Thus, any claims regarding the disciplinary hearing, *i.e.*, the claims against Officer Joseph and Lieutenant Davis, remain dismissed.

J. <u>C.C.T. Mobley</u>

As in the original complaint, Plaintiff alleges only that defendant Mobley[1]

---

[1] Plaintiff identified defendant Mobley as Motley in the original complaint.

12

failed to file his disciplinary appeal.  As the court stated in the Initial Review Order, there is no constitutional requirement for an appeal of a disciplinary hearing decision.  *See Wolff v. McDonnell*, 418 U.S. 539, 563-71 (1974) (describing procedures required for a disciplinary hearing only as: advance notice of the charges, an opportunity to call witnesses and present documentary evidence, an impartial decision maker, and a written decision from factfinder detailing evidence relied upon and rationale for disciplinary action taken); *Avuso v. Semple*, No. 3:18-cv-116(JAM), 2019 WL 2941628, at *5 (D. Conn June 14, 2019) (no constitutional right to appeal from adverse disciplinary finding); *Cox v. New York City Dep't of Corr.*, No. 94 CV 3644, 1995 WL 604699, at *4 (E.D.N.Y. Oct. 3, 1995) (although state may afford prisoner a right to appeal from disciplinary proceeding, there is no federal constitutional right to such an appeal).  The claim against defendant Mobley remains dismissed.

K.     Conspiracy

Plaintiff includes many references to conspiracy among the defendants in the amended complaint.  However, all defendants are identified as correctional employees.  Under the intracorporate conspiracy doctrine, the officers, employees, and agents of a single corporate entity are legally incapable of conspiring together.  *See Federal Ins. Co. v. United States*, 882 F.3d 348, 368 n.14 (2d Cir. 2018) (affirming application of intracorporate conspiracy doctrine in conspiracy claim under 42 U.S.C. § 1985).

Although the Second Circuit has not yet considered whether the intracorporate conspiracy doctrine applies to section 1983 cases, district courts

within the Second Circuit have applied the doctrine in section 1983 cases and, in particular, to section 1983 cases filed by prisoners.  *See, e.g., Schlosser v. Walker*, No. 3:20-cv-433(WIG), 2020 WL 7324679, at *3-4 (D. Conn. Dec. 11, 2020); *Jones v. Wagner*, No. 3:20-cv-475(VAB), 2020 WL 4272002, at *5 (D. Conn. July 24, 2020); *Edwards v. Annucci*, No. 17 CV 5018(VB), 2019 WL 1284295, at *9-10 (S.D.N.Y. Mar. 20, 2019).

There is an exception to the intracorporate conspiracy doctrine if the plaintiff can show that the defendants were "pursuing personal interests wholly separate and apart from the entity."  *Ali v. Connick*, 136 F. Supp. 3d 270, 282-83 (E.D.N.Y. 2015) (citation and internal quotation marks omitted).  A mere allegation that the defendants had personal bias against the plaintiff, however, is insufficient to satisfy the exception.  *See Vega v. Artus*, 610 F. Supp. 2d 185, 205 (N.D.N.Y. 2009) (holding that prisoner must do more than allege that defendants were motivated by personal bias against him to show that defendants were pursuing personal interests wholly separate and apart from the entity); *see also Harris v. City of Newburgh*, No. 16-CV-2731(KMK), 2017 WL 4334141, at *8 (S.D.N.Y. Sept. 17, 2017) (for exception to apply, plaintiff must plausibly allege that defendants "acted other than in the normal course of their corporate duties").  Plaintiff alleges no facts suggesting that the defendants were acting other than in the course of their duties.  Thus, the exception does not apply, and Plaintiff cannot state a plausible conspiracy claim.

L.     **Municipality**

Plaintiff includes many allegations about a "municipality."  For example, he

alleges:

> The municipality was acting for its private advantage after the plaintiff filed his (TSR-CV-5001089-S and TSR-CV-5001093-S) in state habeas corpus seeking remedy for illegal denial and stigma-plus of disciplinary proceedings of (3:22-cv-854(VLB)) in which the municipality had gone rogue as in a private municip[al] capacity depriving the plaintiff of equal protections of the law and imposing roguish and negligent behavior to the parole board on August 30, 2021.

Doc. #17 at 4.

The Connecticut Department of Correction is a state agency, not a municipality. *See Vaden v. Connecticut*, 557 F. Supp. 2d 279, 288 (D. Conn. 2008). As there is no municipality involved in this action, all of Plaintiff's claims against the municipality, including those for retaliation and denial of equal protection, are dismissed pursuant to 28 U.S.C. § 1915A(b)(1). As Plaintiff fails to allege facts suggesting that any named defendant was aware that he had filed state actions, the court does not consider these claims to be asserted against any named defendant.

## CONCLUSION

All claims in the amended complaint are DISMISSED with the exception of the excessive force claims against defendants Juxon-Smith and Doyle and the sexual harassment/sexual assault claim against defendant Anderson.

Plaintiff may not amend his complaint further without obtaining prior permission from the court.

The Clerk shall contact the Department of Correction Office of Legal Affairs to ascertain a current service address for Officer Anderson, mail a waiver of service of process request packet containing the Amended Complaint and this

Order to Officer Anderson at that address within twenty-one (21) days of this Order, and report to the court on the status of the waiver request on the thirty-fifth day after mailing.   If the defendant fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the cost of such service.

      SO ORDERED.

      Dated this  21st day of April 2023 at Hartford, Connecticut.

                                  /s/
                            Vanessa L. Bryant
                            United States District Judge